UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>MOISES VALLE MERCADO,<br><br>                    Defendant. | No. CR-07-2018-FVS-1<br><br>ORDER DENYING MOTION TO<br>VACATE |

     **THIS MATTER** comes before the Court based upon the defendant's motion to vacate his conviction and sentence.  He is representing himself.  The government is represented by Jane Kirk.

     **BACKGROUND**

     A jury convicted Moises Valle Mercado (hereinafter "the defendant") of the crimes of conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a).  A new attorney was appointed to represent him at sentencing.  The Court sentenced him to a term of 200 months imprisonment.  He appealed his conviction and sentence.  A new attorney was appointed to prosecute the appeal.  The Ninth Circuit affirmed the judgment.  The defendant petitioned the Supreme Court for a writ of certiorari.  His petition was one day late.  The Supreme Court denied the petition on November 2, 2009.  On

ORDER - 1

July 26, 2010, he filed a motion to vacate his conviction and sentence.  28 U.S.C. § 2255.  He lists five grounds for relief. First, he alleges the attorney who represented him at trial deprived him of effective assistance of counsel by failing to object to certain testimony that was given by a law enforcement officer.  Second, he alleges the attorney who represented him at sentencing deprived him of effective assistance of counsel by failing to cite persuasive authority in support of his contention that he was a minor participant in the offense.  Third, he alleges the attorney who represented him at trial deprived him of effective assistance by failing to move to dismiss the indictment.  Fourth, he alleges he was deprived of effective assistance of counsel as a result of the cumulative impact of the errors committed by the attorneys who represented him during and after his trial.  Fifth, he alleges his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution.

### SUMMARY OF EVIDENCE PRESENTED AT TRIAL

Both the government and the defendant offered evidence at trial. Based upon the evidence that was admitted, the jury easily could have found the following facts beyond a reasonable doubt:  Law enforcement officers apprehended a drug dealer.  They offered him an opportunity to mitigate his punishment by helping them catch other drug dealers. He agreed to become an informant, and he began looking for persons from whom he could purchase drugs.  During January of 2007, he met the

ORDER – 2

defendant at a casino.  In due course, the defendant agreed to introduce the informant to a person whom the defendant knew, at least by reputation, was a drug dealer.  The defendant and the informant arranged to meet on January 18th.  Law enforcement officers attached an electronic device to the informant so they could listen to his conversation with the defendant.  The two men met at a restaurant. They conversed in Spanish.  A Spanish-speaking detective electronically monitored the conversation.  The defendant told the informant the seller of drugs was across the street at an auto body shop.  The defendant and the informant walked to the shop together. The defendant introduced the informant to Ernesto Perales.  Mr. Perales showed the informant two pounds of methamphetamine.  The defendant left the shop and purchased some bleach at a nearby convenience store so the informant could test the methamphetamine. The informant indicated he was satisfied with the quality of the methamphetamine Mr. Perales was offering to sell.  The informant agreed to purchase eight pounds for eighty-eight thousand dollars. The defendant was present when the informant inspected the methamphetamine and when he agreed to purchase eight pounds.  Mr. Perales only had two pounds in his shop at the time.  He said he needed 30 minutes to obtain the other six pounds.  The informant left the shop and spoke to law enforcement officers.  They observed a vehicle arrive at the shop.  The driver carried a duffel bag into the shop.  The informant returned to the shop.  He told Mr. Perales

ORDER - 3

someone would be by shortly with the agreed-upon sum of money.  The informant left the shop.  Law enforcement officers entered the shop without a search warrant and secured the premises until a judge issued a warrant.  The defendant was present with Mr. Perales and the courier when law enforcement officers entered the shop and seized the methamphetamine the informant was supposed to purchase.

### STANDARD GOVERNING INEFFECTIVE ASSISTANCE CLAIMS

Ineffective assistance claims are analyzed under the two-part *Strickland* test.  First, the defendant must demonstrate his attorney's performance was deficient.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  This prong sometimes is referred to as the "performance" prong.  In order to establish deficient performance, the defendant must show his attorney acted unreasonably "under prevailing professional norms."  *Id.* at 688, 104 S.Ct. 2052.  Second, the defendant must demonstrate he suffered prejudice.  *Id.* at 687, 104 S.Ct. 2052.  This prong sometimes is referred to as the "prejudice" prong.  In order to establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 688, 104 S.Ct. 2052.

The fact the prejudice prong is listed as the second prong in the *Strickland* test does not mean the Court must reserve ruling upon

ORDER - 4

prejudice until it assesses the performance of the defendant's attorneys.  To the contrary, the Supreme Court urges lower courts to apply the test in a commonsense manner:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697, 104 S.Ct. 2052.  Thus, the Court need not assess the performance of the defendant's attorneys where it is clear he suffered no prejudice from their alleged errors.

**FIRST GROUND:  FAILURE TO OBJECT TO TESTIMONY**

At trial, the government asked the Spanish-speaking detective to relate some of the statements the defendant made to the informant and to explain their significance.  The defendant's trial attorney did not object to this evidence.  The defendant submits his attorney should have done so.  According to the defendant, the detective's testimony was expert testimony that did not satisfy the requirements of Federal Rule of Evidence 702.  Not only that, says the defendant, but the detective's testimony improperly suggested he fit the profile of a

ORDER - 5

drug courier.

It is unnecessary for the Court to determine whether the defendant's trial attorney should have objected to the disputed testimony.  Even if the defendant's attorney had objected to the disputed evidence, and even if the Court had sustained the objections, the remaining evidence linking the defendant to the crimes was overwhelming.  The defendant admitted he knew the person to whom he was going to introduce the informant had a reputation as a drug dealer.  The defendant spoke to the informant at a restaurant across the street from Mr. Perales' auto body shop.  The informant was wearing an electronic device that enabled a Spanish-speaking detective to record his conversations with the defendant.  Even without the detective's interpretation, the defendant's statements to the informant indicated he was actively involved in the transaction.  Were there a reasonable doubt in that regard, it was resolved by subsequent events.  The defendant escorted the informant to Mr. Perales' shop and introduced him to Mr. Perales.  The defendant obtained bleach so the informant could test the methamphetamine.  He was present when the informant acknowledged the quality of the methamphetamine and agreed to purchase eight pounds for eighty-eight thousand dollars.  He remained with Mr. Perales when the informant left the shop to arrange for payment, and he was sitting with Mr. Perales when law enforcement officers entered the shop.  Given the preceding undisputed evidence, it is unlikely the jury would have acquitted the defendant had the

ORDER - 6

Court excluded the detective's interpretation of the defendant's statements to the informant.  To the contrary, there is every reason to think the verdict would have been the same.  Consequently, the defendant suffered no prejudice from the admission of the detective's interpretation of his statements.  As a result, the defendant was not deprived of effective assistance by his trial attorney's failure to object.

**SECOND GROUND:  FAILURE TO ESTABLISH DEFENDANT WAS A MINOR PARTICIPANT**

At sentencing, the defendant's attorney argued he was a minor participant in the crimes and, thus, was entitled to a two-level reduction of his base offense level under U.S.S.G. § 3B1.2.  The Court rejected the argument and denied the adjustment.  The Ninth Circuit affirmed.  The defendant argues the outcome would have been different had the attorney "provide[d] available persuasive authority" in support of an adjustment under § 3B1.2.  However, the defendant has not identified any evidence that his attorney failed to present indicating he was "substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  Nor is there any reason to think such evidence exists.  Consequently, he lacks a basis for arguing his attorney's performance at sentencing was deficient.

**THIRD GROUND:  FAILURE TO MOVE TO DISMISS**

The defendant argues his trial attorney should have moved to dismiss the indictment on the ground it was not returned in "open

court" as required by Federal Rule of Criminal Procedure 6(f).  The problem with the defendant's argument is that it is contradicted by the record.  The government has documented the fact that the indictment was returned in open court by the presiding grand juror.  Thus, it would have been futile for the defendant's attorney to challenge the indictment on the ground suggested by the defendant.  Furthermore, mounting such a challenge would have wasted judicial resources and undermined the defendant's credibility.  It follows the defendant's trial attorney did not err in failing to challenge the validity of the indictment.

**FOURTH GROUND:   CUMULATIVE ERROR**

The attorney who represented the defendant at trial stepped aside after the jury returned its verdict.  A new attorney represented the defendant at sentencing.  This attorney stepped aside after the Court sentenced the defendant.  A third attorney represented the defendant on appeal.  The defendant is critical of all three attorneys.  His complaints may be divided into the following groups:  those pertaining to all of his attorneys; those pertaining to his trial attorney; those pertaining to his sentencing attorney; and those pertaining to his appellate attorney.  While he seems to concede no one of the alleged deficiencies is sufficient to establish ineffective assistance of counsel, he argues that, taken together, they do.

<u>All Attorneys</u>

The defendant makes two complaints about all of his attorneys.

ORDER - 8

To begin with, he alleges they were subject to conflicts of interest. However, he does not identify a conflict, much less explain how it compromised the representation he received. Absent such information, the defendant's first complaint fails. Next, the defendant complains his attorneys did not provide him with information to which he was entitled. More particularly, he alleges they refused to give him copies of "offense reports, presentence reports, and court filings." He may be correct. However, the issue is not whether he received copies, but whether his attorneys discussed the contents of the reports with him. There is every indication they did. The presentence reports are a good example. At the defendant's sentencing hearing, the Court asked him whether the presentence reports had been read to him in Spanish. He answered in the affirmative. This indicates his sentencing attorney communicated with him. Certainly, there is no indication his sentencing attorney, or any other attorney, withheld material information from him which, had he known it, would have affected the decisions he made.

Trial Attorney

Most of the defendant's criticism is directed at his trial attorney. First, the defendant alleges his trial attorney failed to file pretrial motions. However, as the government points out, his trial attorney did, in fact, file a motion to suppress. (It was denied.) Second, the defendant alleges his trial attorney failed to conduct an adequate investigation. However, he does not identify any

evidence his trial attorney overlooked.  Third, the defendant alleges his trial attorney failed to object to inadmissible evidence. However, other than the Spanish-speaking detective's testimony, he has not identified any evidence to which his trial attorney should have objected.  Fourth, the defendant alleges his trial attorney failed to offer essential jury instructions and failed to take exception to prejudicial instructions that were given by the Court.  However, he does not identify any jury instructions his trial attorney should have proposed, and he does not cite any instructions to which his trial attorney should have taken exception.

Sentencing Attorney

The defendant alleges his sentencing attorney failed to object to the Court's consideration of facts that had not been determined by the jury beyond a reasonable doubt.  Just which facts the defendant is referring to is unclear.  Perhaps he means the quantity of methamphetamine for which the Court found him accountable.  If so, this allegation is baseless.  As the government points out, the jury made a finding regarding quantity.  The Court relied upon the jury's finding to calculate the defendant's guideline range.

Appellate Attorney

The defendant makes two complaints about his appellate attorney. To begin with, he alleges she did not present the issues that were most likely to result in reversal of his conviction and sentence.  In addition, he alleges she failed to timely file a petition for a writ

of certiorari.  Neither allegation is sufficient to establish he was deprived of constitutionally effective assistance of counsel.  As far as his appellate attorney's briefing is concerned, he has not identified any issue she failed to raise.  Consequently, the Court cannot say her advocacy was deficient.  As far as his petition for a writ of certiorari is concerned, he is correct about one thing.  It was one day late.  Nevertheless, there is no reason to think the Supreme Court would have agreed to review his case had the petition been timely.

Conclusion

The Court has examined each of the errors alleged by the defendant in his fourth ground for relief.  Whether the alleged errors are considered individually or collectively, they do not warrant habeas relief.

**FIFTH GROUND**

The fifth ground alleges the defendant's conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution.  However, he does not set forth any facts in connection with the Fifth Ground that support the broad allegations set forth therein.  Nor does he discuss the Fifth Ground in the body of his motion.  Thus, there is nothing for the Court to analyze.

**EVIDENTIARY HEARING**

In order to qualify for an evidentiary hearing, the defendant must, at a minimum, "allege specific facts which, if true, would

entitle him to relief[.]" *United States v. Howard*, 381 F.3d 873, 877 (9th Cir.2004).  The defendant has not satisfied this requirement. His motion alleges very few specific facts, and those fact he alleges would not entitle him to relief even assuming they're true.  Rather, "the petition, files and record of the case . . . conclusively show that he is entitled to no relief."  *Id.*  Thus, he is not entitled to an evidentiary hearing.

### APPOINTMENT OF ATTORNEY

There are three circumstances in which a district court must appoint counsel to represent a defendant seeking relief under § 2255. One circumstance arises when the moving party is entitled to conduct discovery, and appointment of counsel is necessary for effective discovery.  Rules Governing Section 2255 Proceedings 6(a), 28 U.S.C. foll. § 2255.  A second circumstance arises when the moving party is entitled to an evidentiary hearing.  *Id.*, Rule 8(c).  A third circumstance arises when the failure to appoint counsel would result in a proceeding that is so unreliable that it would deprive the moving party of due process of law.  *Brown v. United States*, 623 F.2d 54, 61 (9th Cir.1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir.1962)).  None of the three circumstances arises in this case. To begin with, the defendant has failed to establish discovery would uncover any information that would warrant habeas relief.  As a result, there is no need for discovery.  That being the case, there is no need to appoint an attorney in order to help effectuate the

ORDER - 12

discovery process.  Nor is it necessary to appoint an attorney to represent the defendant during an evidentiary hearing.  As explained above, there will be no such hearing.  Finally, the defendant has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255.  Given the information he has presented, given the information the government has presented, and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds asserted by the defendant.  The failure to appoint an attorney will not deprive the defendant of his right to due process.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to vacate (**Ct. Rec. 356**) is denied.

2. The defendant's request for an evidentiary hearing is denied.

3. The defendant's request for appointment of an attorney is denied.

4. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this __14th__ day of February, 2011.

_____s/ Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER - 13