UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOISES VALLE MERCADO,

Defendant.

No. CR-07-2018-FVS-1

ORDER DENYING RECONSIDERATION

**THIS MATTER** comes before the Court based upon the defendant's "Motion for Reconsideration and for Extension of Time." He is representing himself. The government is represented by Jane Kirk.

**BACKGROUND**

The defendant was convicted by a jury of the crimes of conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a). He is serving a sentence of 200 months imprisonment. On February 14, 2011, the Court denied his motion to vacate his conviction and sentence. 28 U.S.C. § 2255. The defendant moves the Court to reconsider its order of February 14th and grant him additional time in which to file a memorandum in support of his motion. He says he placed his motion in prison mail on March 14th. The District Court Executive filed his motion on March 21st.

**RULING**

Accepting the defendant's assertion he placed his motion in prison mail on March 14th, and treating March 14th as the date of filing, the fact remains he filed the motion more than 10 days after the Court entered its order denying his motion to vacate. As a result, he is not eligible for relief under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir.2001) (a motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment, but as a Rule 60(b) motion if filed more than ten days after judgment). He must seek reconsideration under Rule 60(b), if at all.[1] And the only subsection of Rule 60(b) that arguably might apply is subsection (b)(6), *i.e.*, the "catch-all" provision. Subsection (b)(6) applies only in extraordinary cases, *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir.1991), and the defendant has failed to identify any extraordinary circumstances that would justify reconsideration.

---

[1]The defendant may not be eligible for relief under Rule 60(b). Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), a federal court must treat a Rule 60(b) motion as a second or successive § 2255 motion if it contains a "claim." *United States v. Buenrostro*, No. 08-16185, 2011 WL 1023696 at *1 (9th Cir. March 23, 2011). The defendant's Rule 60(b) motion does not appear to contain a claim within the meaning of *Gonzalez*. However, the government has not been heard on this issue.

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion for Reconsideration and for Extension of Time" (**Ct. 368**) is **denied.**

2. The Court will not consider any additional motions, no matter how denominated, asking the Court to reconsider its order of February 14, 2011.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the plaintiff.

**DATED** this 1st day of April, 2011.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge