FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOISES VALLE MERCADO, (01),<br><br>Defendant. | No.    2:07-CR-2018-SMJ-01<br><br>**ORDER GRANTING REQUEST FOR RESENTENCING AND APPOINTING COUNSEL** |

## I.    INTRODUCTION

Before the Court, without oral argument, is Defendant Moises Valle Mercado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 427. Mercado was sentenced to 200-months imprisonment following his conviction for conspiracy to distribute, and possession with intent to distribute, methamphetamine in 2008. Mercado argues he is entitled to a minor-role adjustment to his offense level and consequent reduction of his sentence in light of Amendment 794 to the Sentencing Guidelines, which became effective in November 2015. ECF No. 427 at 5. Because of the nature of this claim, the Court

1    construes Mercado's motion as a motion for resentencing pursuant to 18 U.S.C. §

2    3582(c)(2).[1]

3    　　　As explained below, Amendment 794 clarified the methodology courts

4    should apply in considering whether a defendant is eligible for a minor-participant

5    adjustment under Guidelines section 3B1.2. Of particular importance here,

6    Amendment 794 adds five, non-exhaustive factors that courts should consider in

7    determining whether to apply an adjustment. Because Amendment 794 applies

8    retroactively and the sentencing judge did not consider the necessary factors in

9    declining to apply a minor-participant adjustment, Mercado is entitled to

10   resentencing. Accordingly, Mercado's motion is granted.

11   　　　Whether the Court should apply a minor-participant adjustment in this case

12   and reduce Mercado's sentence is a separate, and fact-intensive question.

13   Accordingly, pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(a)(1)

14   and (c), the Court herby appoints the Office of the Federal Defender for the Eastern

---

17   [1] 28 U.S.C. § 2255 does not permit a prisoner to seek resentencing in light of an
     applicable Sentencing Guidelines amendment, *Hamilton v. United States*, 67 F.3d
     761, 763–64 (9th Cir. 1995). Where a pro se prisoner improperly files a § 2255
18   petition seeking sentencing reduction pursuant to a Guidelines amendment, a court
     should construe the petition as a motion for resentencing under to 18 U.S.C. §
19   3582(c)(2). *See, e.g.*, *id.* at 764 (noting duty to liberally interpret pro se pleadings,
     and construing motion for reduction of sentence based on guidelines amendment as
20   an 18 U.S.C.§ 3582(c) motion for resentencing); *Martin v. United States*, 834 F.
     Supp. 2d 115, 136 (E.D.N.Y. 2011) (same).

ORDER GRANTING REQUEST
FOR RESENTENCING - 2

District of Washington to represent Mercado for the limited purpose of addressing potential reduction of Mercado's sentence pursuant to Amendment 794.

## II.    RELEVANT BACKGROUND

In May 2008, a jury found Mercado guilty of conspiracy to distribute, and possession with intent to distribute, at least 1.5 Kilograms but less than 5 Kilograms of methamphetamine. ECF Nos. 269 & 271. At sentencing before Judge Van Sickle in August 2008, Mercado requested, among other things, a mitigating-role adjustment pursuant to Sentencing Guidelines section 3B1.2. ECF No. 303 at 2–3; ECF No. 342 at 9. Judge Van Sickle declined to apply a mitigating-role adjustment finding that Mercado was not "simply a courier or . . . a minimal participant in the conspiracy or in the possession with intent to distribute." ECF No. 342 at 14. Mercado was sentenced to 200 months imprisonment. ECF No. 307. The Court of Appeals affirmed Mercado's conviction and sentence. *United States v. Mercado*, 328 Fed. Appx. 390, 391 (9th Cir. June 24, 2009).

In April 2016, the court reduced Mercado's sentence to 188 months in light of Amendment 782 to the Sentencing Guidelines, which retroactively reduced the applicable guideline range. ECF No. 417. Mercado filed the present motion in November 2016, arguing his sentence must be further reduced based on Amendment 794. ECF No. 427.

ORDER GRANTING REQUEST
FOR RESENTENCING - 3

### III.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2) courts may modify a term of imprisonment "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### IV.    DISCUSSION

Sentencing Guidelines section 3B1.2(b) provides for a 2-level reduction to a defendant's offense level if the "defendant was a minor participant in any criminal activity." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2(b) (U.S. Sentencing Comm'n 2016). Prior to November 2015, Application Note 5 to section 3B1.2 provided that "[s]ubsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. 5 (U.S. Sentencing Comm'n 2014). Application Note 3(A) defines when a defendant may be "substantially less culpable than the average participant," and, at the time of sentencing, stated that a defendant was not precluded from consideration for a minor-participant adjustment if the defendant was "accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was

involved and . . . perform[ed] a limited function in concerted criminal activity." *Id.*

at § 3B1.2 cmt. 3(A). The note provided the following example:

> a defendant who is convicted of a drug trafficking offense, whose role
> in that offense was limited to transporting or storing drugs and who is
> accountable under § 1B1.3 only for the quantity of drugs the defendant
> personally transported or stored is not precluded from consideration
> for an adjustment under this guideline.

*Id.*

In 2015 the Sentencing Commission adopted Amendment 794, which

became effective on November 1, 2015, and made three changes relevant here. First

Amendment 794 changed Application Note 5 to read as follows: "[s]ubsection (b)

applies to a defendant described in Application Note 3(A) who is less culpable than

most other participants *in the criminal activity*, but whose role could not be

described as minimal. U.S.S.G. § 3B1.2 cmt. 3(A) (U.S. Sentencing Comm'n 2016)

(2015 amendment noted in italics); *see* U.S.S.G. app. C. Amend. 794. (U.S.

Sentencing Comm'n 2016). Second, Amendment 794 removed the phrase "not

precluded from consideration from" each time that phrase was used in Application

Note 3(C). U.S.S.G. app. C. Amend. 794. Following the amendment, the language

of the example noted above reads as follows:

> a defendant who is convicted of a drug trafficking offense, whose
> *participation* in that offense was limited to transporting or storing
> drugs and who is accountable under § 1B1.3 only for the quantity of
> drugs the defendant personally transported or stored *may receive* an
> adjustment under this guideline.

1    U.S.S.G. § 3B1.2 cmt. 3(A) (U.S. Sentencing Comm'n 2016) (2015 amendments

2    noted in italics). Third, the Amendment added a non-exhaustive list of factors that

3    should be considered in determining whether to apply the minor-role reduction:

4    > (i) the degree to which the defendant understood the scope and
5    > structure of the criminal activity; (ii) the degree to which the defendant
     > participated in planning or organizing the criminal activity; (iii) the
6    > degree to which the defendant exercised decision-making authority or
     > influenced the exercise of decision-making authority; (iv) the nature
7    > and extent of the defendant's participation in the commission of the
     > criminal activity, including the acts the defendant performed and the
8    > responsibility and discretion the defendant had in performing those
     > acts; (v) the degree to which the defendant stood to benefit from the
     > criminal activity.

9    U.S.S.G. App. C. Amend. 794 (U.S. Sentencing Comm'n 2016). The commission

10   also included an illustrative example and further explanation:

11
     > For example, a defendant who does not have a proprietary interest in
12   > the criminal activity and who is simply being paid to perform certain
     > tasks should be considered for an adjustment under this guideline.

13
     > The fact that a defendant performs an essential or indispensable role in
14   > the criminal activity is not determinative. Such a defendant may
     > receive an adjustment under the guideline if he or she is substantially
15   > less culpable than the average participant in the criminal activity.

16   *Id.*

17       The Commission passed Amendment 794 because "after conducting an

18   independent review, it found that minor role reductions were being 'applied

19   inconsistently and more sparingly than the Commission intended.'" *United States*

20   *v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (quoting U.S.S.G. App. C.

ORDER GRANTING REQUEST
FOR RESENTENCING - 6

Amend. 794). Prior to the Amendment, courts did not apply consistent methods of assessing whether a defendant was "substantially less culpable than the average participant." *Id.* "Some courts assessed a defendant against a hypothetical average participant," while in the Ninth and Seventh Circuits, "the relevant comparison was between the defendant and other actual participants in the crime." *Id.* at 522–23 (citations omitted). Amendment 794 adopted the latter approach: "when a district court conducts an assessment of whether a defendant should receive a role reduction, 'the defendant is to be compared with the other participants' in the crime, not with a hypothetical average participant." *Id.* at 523 (quoting U.S.S.G. App. C. Amend. 794).

Because Amendment 794 was a clarifying amendment, and addressed a circuit split, it applies retroactively. *See id.* Accordingly, whether Mercado is entitled to resentencing turns on whether the sentencing judge's methodology in considering whether to apply a minor-participant adjustment was consistent with Amendment 794.

At the time of Mercado's sentencing, Ninth Circuit precedent required a court considering whether to apply a minor-role adjustment to compare the defendant's role and culpability to that of other participants in the offense as opposed to a hypothetical average participant. *See United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000) (considering whether defendant's role and culpability were

ORDER GRANTING REQUEST
FOR RESENTENCING - 7

minor *compared to other participants in the offense*). The parties' arguments to Judge Van Sickle reflect that approach. Mercado argued that his role was substantially less than that of the other participants in the offense. *See* ECF No. 333 at 2–3; ECF No. 342 at 9; ECF No. 427-1 at 6–7. Similarly, the government argued at sentencing that Mercado's "basic role in [the offense] was not less culpable than all of the other members or, in fact, he may be at best an equal partner . . . ." ECF No. 342 at 3. And there is no indication that Judge Van Sickle failed to apply this general principle in declining to apply a minor-role adjustment. *See Mercado*, 328 Fed. Appx. at 391 ("The district court did not err by denying a 'minor participant' downward sentence departure. Mercado may be less culpable than the supplier, but not to the extent that a minor role reduction should be applied." (citation omitted)).

Amendment 794 affirmed the general principle already being applied in the Ninth Circuit—and in this case—that a district court must consider the defendant's culpability relative to the other participants in the offense, and Mercado is therefore not entitled to relief on the basis of that element of Amendment 794. However, as noted, the Amendment also provides a list of factors courts should consider in determining whether to apply the adjustment. U.S.S.G. App. C. Amend. 794. These factors are not determinative, but courts must consider them. *Quintero-Leyva*, 823 F.3d at 524. Because it is not clear from the record whether the sentencing judge considered these factors, Mercado is entitled to resentencing. *See id.* ("Because the

ORDER GRANTING REQUEST
FOR RESENTENCING - 8

record is unclear as to whether the court considered all the factors, we reverse and remand for the district court to sentence Quintero–Leyva with the benefit of newly amended § 3B1.2.").

## V.    CONCLUSION

For the reasons discussed, Mercado is entitled to resentencing pursuant to Sentencing Guidelines Amendment 794.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (construed as a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2)), **ECF No. 427**, is **GRANTED.**

2.    The Office of the Federal Defender for the Eastern District Washington is appointed to represent Defendant.

*A.*    The Federal Defender's Office shall ascertain Defendant's initial eligibility for relief and whether conflicts of interest preclude the Federal Defender's Office from representation. The Federal Defender's Office shall file notice with the Court immediately upon identifying a prohibitive conflict in which Defendant's interests are materially adverse to those of a current or former client so that the Court may appoint a CJA attorney to represent Defendant.

ORDER GRANTING REQUEST
FOR RESENTENCING - 9

***B.*** The appointment of counsel is limited to the potential reduction of sentence pursuant to Amendment 794 and will terminate upon the Court's ruling on a motion to reduce Defendant's sentence, unless otherwise ordered by the Court.

***C.*** If Defendant chooses to proceed pro se, defense counsel shall file a notice to that effect and shall certify that the defendant has been advised that other counsel will not be appointed.

***D.*** If possible, the Federal Defender's Office shall determine whether there is a conflict prior to obtaining documents from Defendant's case file that are not otherwise available through the judiciary's Public Access to Court Electronic Records ("PACER") service. The Federal Defender's Office, or any appointed attorney receiving any documents from Defendant's case file that are not otherwise available through PACER, shall not distribute such documents unless otherwise ordered by the Court. Furthermore, in accordance with the policies of the Federal Bureau of Prisons, no Plea Agreements, Judgments, Presentence Investigation Reports or Addendums, or Statements of Reasons shall be provided to inmates.

1    **3.**    Within 60 days of this Order, one of the following documents shall be

2         filed:

3         ***A.***    Notice by defense counsel advising the Court that Defendant is

4              not eligible for a minor-participant adjustment under the

5              amended U.S.S.G. § 3B1.2 and an explanation of why;

6         ***B.***    A stipulated motion notifying the Court: (1) that the parties

7              agree that a sentence reduction is appropriate in light of

8              Amendment 794; (2) the amount of the requested reduction; and

9              (3) the reasons for the requested reduction; or

10        ***C.***    A motion for reduction of sentence, identifying: (1) the

11             requested sentence reduction and (2) the basis for the reduction.

12             Briefing shall be filed in accordance with Local Rule 7.1. The

13             motion shall be set for hearing without oral argument 30 days

14             after the motion is filed. If an expedited hearing is necessary, a

15             party may move to expedite the process.

16   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order,

17

18

19

20

ORDER GRANTING REQUEST
FOR RESENTENCING - 11

1    provide copies to the United States Attorney's Office and the Federal

2    Defender's Office.

3        **DATED** this 2nd day of March 2017.

4

5        _____
         SALVADOR MENDOZA, JR.
         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING REQUEST
FOR RESENTENCING - 12